UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BOBBY E. FERRELL, JR. | ) | |
| | ) | |
| v. | ) | No. 3:15-01103 |
| | ) | JUDGE CAMPBELL |
| UNITED STATES OF AMERICA | ) | |

MEMORANDUM

I. Introduction

Pending before the Court are the Petitioner's Motion For Relief Under 28 U.S.C. § 2255 (Docket No. 1); the Government's Response To Petitioner's Motion For Relief Under 28 U.S.C. § 2255 (Docket No. 6); the Petitioner's Reply (Docket No. 10); the Government's Answer (Docket No. 11); the Petitioner's Supplemental Brief (Docket No. 15); the Petitioner's Second Supplemental Brief (Docket No. 19); the Government's Supplemental Brief (Docket No. 20); the Government's Supplemental Brief Regarding *Shepard* Documents (Docket No. 22); and the Petitioner's Response To Government's Supplemental Brief (Docket Nos. 25, 26).

For the reasons set forth herein, the request for Section 2255 relief (Docket No. 1) is DENIED, and this action is DISMISSED. The Government's Motion To Dismiss Petition As Untimely (Docket No. 6) is DENIED, as moot.

II. Procedural and Factual Background

In the underlying criminal case, the Petitioner pled guilty, without a plea agreement, to the charge in the Indictment of bank robbery, in violation of 18 U.S.C. § 2113(a). (Docket Nos. 1, 19, 20, 42 in Case No. 3:05-00176). Prior to the sentencing hearing, the Probation Office issued the Presentence Investigation Report, which determined that the Petitioner was a Career

Offender based on six prior convictions for Aggravated Burglary in Rutherford County, Tennessee, in 2001; and one prior conviction for Aggravated Burglary in Bedford County, Tennessee, in 2002. (Docket No. 40, at ¶ 19, in Case No. 3:05-00176). In describing each of the Rutherford County convictions, the Report states that the Petitioner "entered the home of the victim without the property owner's effective consent. . ." (Id., at ¶¶ 28, 29, 30, 31, 32, 33). In describing the Bedford County conviction, the Report states that the Petitioner and two other individuals threw a brick through the glass portion of a door "to enter the victim's home. . ." (Id., at ¶ 34).

At the sentencing hearing, the Petitioner did not object to the facts stated in the Presentence Investigation Report, but rather argued that he should not be considered a Career Offender because the prior convictions were related and should not count as separate convictions. (Docket No. 43 in Case No. 3:05-00176). In that regard, the Petitioner testified at the sentencing hearing regarding the facts of the burglaries:

> The way we found the houses was pretty much at random. We would ride around smoking pot until we found one that was kind of secluded, had a lot of trees around it, kind of out of the way. We would go in the driveway, and one of us would go up the door and knock. We'd knock real, real hard. And then we would go around to the back door and knock. If nobody answered, then we would kick one of the doors in and enter the house.

(Id., at 11-12). When asked why he would go to the door and knock real loud, the Petitioner said: "Because we didn't want to go into a house where somebody was home." (Id., at 12). The Court ultimately rejected the Petitioner's argument that the burglaries were related, and imposed a sentence of 151 months of imprisonment. (Docket Nos. 37, 38, 43 in Case No. 3:05-00176).

The Petitioner appealed to the Sixth Circuit, but the appeals court also rejected his

2

argument. (Docket No. 45 in Case No. 3:05-00176). In reaching its conclusion, the court summarized the Petitioner's testimony that he and his co-defendant "found houses at random," and when they ran out of money for drugs, they would "break into another house." (Id., at 4).

III. Analysis

A. The Petitioner's Claims

The Petitioner claims that his sentence should be vacated because he no longer qualifies as a Career Offender, based on the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015).

B. The Section 2255 Remedy

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to have their sentence vacated, set aside or corrected.[1] The statute does not provide a remedy, however, for every error that may have been made in the proceedings leading to conviction. "'To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005)(quoting Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003)).

---

[1] 28 U.S.C. § 2255 states, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

An evidentiary hearing is not required if the record conclusively shows that the Petitioner is not entitled to relief. 28 U.S.C. § 2255(b); Ray v. United States, 721 F.3d 758, 761 (6th Cir. 2013); Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999). No hearing is required "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Id. Where the same judge considering the Section 2255 motion also presided over the underlying criminal proceedings, the judge may rely on his own recollection of those proceedings. Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 1629 n.4, 52 L.Ed.2d 136 (1977); Ray, 721 F.3d at 761.

The Court has reviewed the pleadings, briefs, and records filed in Petitioner's underlying criminal case, as well as the pleadings, briefs, and records filed by the parties in this case. The Court finds it unnecessary to hold an evidentiary hearing because these records conclusively establish that Petitioner is not entitled to relief on the issues raised.

C. Johnson v. United States

The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), provides, in pertinent part, as follows:

> (e)(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).
>
> (2) As used in this subsection–
>
> * * *
>
> (B) the term "violent felony" means any crime punishable by

4

> imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that –
>
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>>
>> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another. . .*

In <u>Johnson</u>, the Supreme Court held that the last clause of the definition, the so-called "residual clause," is unconstitutionally vague. The Court's decision did not call into question the remainder of the Act's definition of "violent felony," nor did the Court address the Act's definition of "serious drug offense." 135 S. Ct. at 2563.

Based on the Supreme Court's decision in <u>Johnson,</u> the Sixth Circuit has invalidated the identically-worded portion of the definition of "crime of violence" used in the Career Offender Sentencing Guideline, Section 4B1.2(a)(2),[2] and other guidelines, as unconstitutionally vague.

---

[2] Section 4B1.2(a)(2) provides, in pertinent part, as follows, with the residual clause set forth in italics:

> (a) The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
>> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>>
>> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

5

See United States v. Pawlak, ___ F.3d ___, 2016 WL 2802723 (6th Cir. May 13, 2016). In Welch v. United States, 136 S.Ct. 1257 (2016), the Supreme Court held that the Johnson decision announced a substantive rule that applies retroactively on collateral review.

In his Motion To Vacate, the Petitioner contends that he no longer qualifies as a Career Offender because his aggravated burglary convictions no longer satisfy the definition for "crimes of violence" as aggravated burglary "does not satisfy the elements or enumerated-offenses clauses, and the residual clause, which it does satisfy, is unconstitutional." (Docket No. 1, at 4).

The Sixth Circuit has held that the Tennessee aggravated burglary statutes are broader than the definition of generic "burglary of a dwelling" under the enumerated offenses clause of the Career Offender "crime of violence" definition because a conviction under the Tennessee statute may include the burglary of an uninhabited outbuilding or shed. See, e.g., United States v. Ozier, 796 F.3d 597 (6th Cir. 2015); United States v. Castro-Martinez, 624 Fed. Appx. 357 (6th Cir. 2015). Therefore, the court has explained, it is appropriate to consider at sentencing, under what has been termed the "modified categorical approach," certain records underlying a defendant's prior conviction to determine whether the conviction satisfies the generic definition requiring the building burglarized to be a residence. Id. Those records include the "'charging document, written plea agreement, transcript of plea colloquy,' jury instructions, and 'any

---

(b) The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

explicit factual finding by the trial judge to which the defendant assented.'" Castro-Martinez, 624 Fed. Appx. at 362 (quoting Shepard v. United States, 544 U.S. 13, 16, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005)).

Because this is a collateral proceeding, however, brought almost ten years after the Petitioner's original sentencing hearing, the Petitioner has the burden to prove that his sentence should be vacated because he is not a Career Offender. See Parke v. Raley, 506 U.S. 20, 113 S.Ct. 517, 524, 121 L.Ed.2d 391 (1992)("Our precedents make clear, however, that even when a collateral attack on a final conviction rests on constitutional grounds, the presumption of regularity that attaches to final judgments makes it appropriate to assign a proof burden to the defendant"); Hobson v. Robinson, 27 Fed. Appx. 443 (6th Cir. 2001).

The Petitioner has failed to satisfy that burden here. All the evidence in the criminal case before this Court, including the Petitioner's testimony at sentencing described above, indicates that the Petitioner's prior convictions involved burglaries of homes. The Petitioner never suggested, as a factual matter, that the burglaries involved any type of structure other than a residence. Furthermore, the Petitioner did not challenge, either in this Court or in the Court of Appeals, classification of his convictions as "crimes of violence" based on such an argument.

In addition, the Petitioner has presented no evidence in this case indicating that the burglaries involved structures other than homes.[3] Thus, he has failed to demonstrate that the

---

[3] The supplemental documents filed by the Government in this case regarding the Bedford County conviction clearly indicate that the structure burglarized was a residence. In providing the factual basis for the plea, the prosecutor described the crime as "a break-in at a home here in Bedford County," and later stated "And this is of a home if I haven't said that to this point." (Docket No. 22-1, at 11 of 20). Later in the proceeding, the Petitioner was specifically asked by the judge: "Did you, in fact, burglarize the residence?" and the Petitioner answered: "Yes, we did." (Id., at 12 of 20). As for the Rutherford County convictions, the

7

burglaries fall outside the enumerated offense clause of the Career Offender "crime of violence" definition.

The Petitioner's seven convictions for aggravated robbery more than satisfy the Career Offender requirement that he have at least two prior convictions for a crime of violence, notwithstanding the Johnson decision. Therefore, Petitioner's contention that he is entitled to vacate his conviction and sentence based on Johnson is without merit.

IV.  Conclusion

For the reasons set forth herein, the Court concludes that the Petitioner's request for Section 2255 relief should be denied.  Accordingly, this action is dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum and Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. Castro v. United States, 310 F.3d 900 (6th Cir. 2002).

It is so ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

Government indicates that it has been unable to obtain the transcript of Petitioner's guilty plea hearing. (Docket No. 22).